KNICKERBOCKER TRUST CO. v. PENACOOK MFG. CO. et al.

(Circuit Court, D. New Hampshire. March 9, 1900.)

No. 296.

1. PLEDGE OF MORTGAGE—ENFORCEMENT—BONA FIDE PURCHASER.

Defendant executed a mortgage as security for certain bonds, which were intended for sale upon the market. When only a few of the bonds had been sold, plaintiff, who was trustee under the mortgage, made a loan to defendant for about one-half the amount of the mortgage, and took the bonds and mortgage as collateral security. Upon default in the payment of interest the bonds and mortgage were sold at public auction, and purchased by the trustee or mortgagee. Held, that the mortgagee was not a bona fide holder, in the sense of being in a position to insist upon the absolute provisions of the mortgage in respect to forfeiture, and while entitled to foreclose the mortgage, for the purpose of perfecting and realizing upon his securities, his security could not extend beyond the actual indebtedness, and the foreclosure would be for the benefit of both himself and the bondholders.

2. SAME—CONDITIONAL DEED TO SECURE BONDS—STATE STATUTE.

Under Pub. St. N. H. c. 139, § 1, providing that every conveyance of lands made for the purpose of securing money, or the performance of any other thing in the condition thereof stated, is a mortgage, a conditional deed made in the state of New Hampshire to a trustee, as security for bonds to be sold upon the market, by a manufacturing corporation, is a mortgage.

3. SAME—FORECLOSURE—STATE LAWS.

Proceedings for the foreclosure of a mortgage in the federal courts must proceed upon the ordinary lines of foreclosure proceedings in the state where the mortgaged property is situated.

4. SAME—CANCELLATION OF BONDS AND MORTGAGE.

Where mortgage bonds, and the mortgage securing the same, are pledged as collateral security for the notes of the mortgagor, and the collateral is sold at public auction upon default in the payment of the notes, and bid in by the payee, who forecloses the mortgage, the bonds and mortgage and notes become the foundation of the foreclosure judgment, and must be surrendered for cancellation, though judgment be rendered only for the amount due upon the notes.

O. E. Branch, for complainant.
Streeter, Walker & Hollis, for defendant Penacook Mfg. Co.
Henry F. Hollis, for defendant Plumbers' Woodworking Co.

ALDRICH, District Judge. I find, as a matter of fact, that the Penacook Manufacturing Company, one of the defendants, and the mortgagor under whom the other defendant holds in this case, is

in default for nonpayment of interest coupons on the mortgage bonds. I also find that the mortgage or conditional deed in suit was for the purpose of securing the payment of 50 $1,000 bonds therein mentioned; that the reason for executing the mortgage or conditional deed was to raise money by selling these bonds in the markets or elsewhere, and it was a part of the arrangement that the mortgagee, who is this plaintiff, should become the trustee of the interests of all parties under the mortgage, and those who might become the owners of bonds. The bonds were not sold to any considerable extent, but the mortgagee loaned the mortgagor something like $25,000, taking the mortgage and the bonds as collateral security. The mortgagee, after default in payment of interest coupons upon the bonds, and properly for the purpose of taking the steps necessary to a foreclosure, requested the bonds to be sold at public auction; and the same were sold, and bought by the mortgagee. No money was actually paid by the mortgagee for the bonds, but it was intended to apply the auction purchase price on the notes which the mortgagee held against the mortgagor. I find the mortgagee acted in good faith in respect to the transaction of sale, but with full notice of all the equities existing under the mortgage, and therefore is not a bona fide holder, in the sense of being in a position to insist upon the absolute provisions in the mortgage in respect to forfeiture.

After hearing, Edward W. Houghton, of Stillriver, Mass., Howard E. Faulkner, of West Acton, Mass., and Gertrude H. Dickinson, of Newtonville, Mass., who set themselves up as bondholders, asked leave to intervene as parties.

ALDRICH, District Judge. The intervening bondholders are admitted as parties, to the end that they may protect their interest under the mortgage. Of course, the foreclosure must go upon the mortgage, and the default has reference to the bonds described therein. Under section 1 of chapter 139 of the Public Statutes of New Hampshire, this deed and bond arrangement must be treated as a mortgage, and the foreclosure proceedings must go upon the ordinary lines of foreclosure proceedings in the New Hampshire state courts. Although the mortgage was to secure $50,000 of bonds, as a matter of fact the bonds under the mortgage were not sold, and are not outstanding, to any substantial extent. So far as it appears, all the bonds, except those held by the parties who seek to intervene, are held by the plaintiff, the mortgagee. The holding originally being as collateral security is now by virtue of the sale. The sale was sufficiently within what was contemplated by the mortgage contract arrangement to be treated as valid for purposes of maintaining this suit; but the mortgagee, who was the trustee, and who now holds the bonds under the sale, took them with full notice of all the equities, and has no standing beyond the amount represented by the actual indebtedness. Holding it as collateral security, and having taken the required steps to that end, the trustee may foreclose the mortgage for the purpose of perfect-

ing and realizing upon his security, but the security cannot extend beyond the actual indebtedness. There will be judgment of foreclosure for the plaintiff, which foreclosure is for the benefit of the actual indebtedness from the mortgagor to the mortgagee, and for the benefit of the intervening bondholders as well.

Unless the parties object on the ground that he is assistant clerk, Burns P. Hodgman is appointed commissioner to ascertain the amount actually due from the mortgagor to the mortgagee on the actual note indebtedness for which the mortgage and bonds were collateral security. He will also ascertain and report the amount of coupons due and unpaid at the date of the writ. This amount, however, is not to be included in the judgment of foreclosure. He will also ascertain the number and amount of bonds held by the intervening bondholders. This should be done at once, on short notice, and the parties will probably assent to appearing before the commissioner informally and without delay. After the commissioner reports, the judgment will be the usual conditional judgment in New Hampshire, unless parties point out that the property should and can be sold under the New Hampshire law, and the proceeds divided between the plaintiff and the other bondholders according to their equitable rights.

The foreclosure judgment being based upon the bonds and the mortgage to secure the same, but, on equity grounds, being reduced to the amount of the notes and interest, the bonds and the mortgage held by the plaintiff, together with the notes, become the foundation of the foreclosure judgment, and must be delivered to the clerk to be canceled. And this is for the reason that the plaintiff, as trustee, takes the judgment of foreclosure as representing all his indebtedness, and all the right and interest which it has in the property mortgaged. The plaintiff's counsel, Mr. Branch, will file a draft decree, drawn upon the lines of these suggestions. If it is the practice in New Hampshire for decree to be entered before assessment of damages by a commissioner, judgment of foreclosure may be entered as of the day when the plaintiff shall elect to take it. If, under the practice, computation and assessment of damages must first be made, judgment may be entered as of the day when such assessment is filed in the clerk's office. The equitable relation which the bonds of the intervening bondholders and that of the plaintiff's judgment sustain to the property and to each other will be determined upon application and proper proceedings later.